UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN HERRERA, JR.,[1] | No. 2:15-cv-00053 JAM AC P |
| Petitioner, | |
| v. | ORDER |
| S. FRAUENHEIM, Warden, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of petitioner's financial affidavit demonstrates that petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

However, petitioner has failed to clearly specify the grounds on which he seeks relief. Petitioner's references to his attachments, e.g. "See Memorandum (A) opening brief and Memorandum (B) petition for review," and "See memorandum (A) and (B))," ECF No. 1 at 8, fail to specify or, upon examination, clarify petitioner's claims. In addition, although petitioner

---

[1] Decisions from the state courts that are attached to the petition identify petitioner's last name as Leon-Herrera, Jr. The California Department of Corrections and Rehabilitation identifies petitioner as Efrain Leon Herrera. See http://inmatelocator.cdcr.ca.gov/.

1

has attached two denials of relief by the California Supreme Court (an April 17, 2013 denial of a petition for review, ECF No. 1 at 9; and an December 10, 2014 denial of a petition for writ of habeas corpus), the petition fails to indicate that any of petitioner's claims have been exhausted in the California Supreme Court.  See e.g., ECF No. 1 at 3.  The attachments themselves do not identify the claims that had been presented to the California Supreme Court.

In order to pursue a petition for writ of habeas corpus under 28 U.S.C. § 2254, the petition must, in pertinent part, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground. . . ." Rule 2(c), Rules Governing § 2254 Cases.  In addition, the exhaustion of available state remedies is a prerequisite to the federal court's jurisdiction.  See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982).  A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider all of petitioner's claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

For these reasons, the instant petition will be dismissed with leave to file an amended petition that clearly identifies each of petitioner's grounds for relief, the facts supporting each ground for relief, and the exhaustion of each ground in the California Supreme Court.  Petitioner need not provide any exhibits that have already been submitted to the court; the amended petition will be construed to include the exhibits attached to the original petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis, ECF No. 4, is granted;

2. Petitioner's application for writ of habeas corpus, ECF No. 1, is dismissed with leave to file an amended petition within thirty days from the filing date of this order;[2]

3. The amended petition must bear the case number assigned to this action and the title "Amended Petition;" and

4. The Clerk of the Court is directed to send petitioner the following:  (a) a copy of the first portion of petitioner's original petition (ECF No. 1 at pp. 1-18 only); and (2) a blank copy of

---

[2] By setting this deadline the court makes no finding or representation concerning the timeliness of this action or the possibility of dismissal on that basis.

the form used in this court to petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     5.  Failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: March 13, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE