UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN HERRERA, JR., | No. 2:15-cv-0053 JAM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. FRAUENHEIM, | |
| Respondent. | |

I.   Introduction

Petitioner is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This action proceeds on petitioner's Second Amended Petition. See ECF No. 15. Petitioner challenges his 2011 convictions for child sex offenses and his sentence to a prison term of 24-years-to-life.

Pending before the court is respondent's motion to dismiss, ECF No. 18, on the ground that petitioner commenced this action beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Petitioner timely filed an opposition, ECF No. 20, and respondent filed a reply, ECF No. 23.[1]

---

[1] After briefing on this motion was complete, petitioner filed a reply to respondent's opposition, entitled "Second Reply to Respondent's Second Motion to Dismiss" (sic). ECF No. 24. The Local Rules provide for a motion, an opposition, and a reply, see E.D. Cal. L. R. 230(b)-(d). Neither the Local Rules nor the Federal Rules provide for the filing of a surreply. The filing

1

For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted, and this action be dismissed with prejudice.

II.     Chronology

1. On May 10, 2011, in the Sacramento County Superior Court, petitioner was convicted by jury trial of four child sex offenses under the California Penal Code. On July 8, 2011, petitioner was sentenced to an indeterminate prison term of 24-years-to life. See Lodged Doc. 1.

2. On February 6, 2013, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lodged Doc. 2.

3. On April 17, 2013, the California Supreme Court summarily denied petitioner's petition for review filed March 7, 2013. Lodged Doc. 3, 4.

4. On April 8, 2014,[2] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. Lodged Doc. 5. The petition was denied on May 15, 2014. Lodged Doc. 6.

5. On June 2, 2014, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. Lodged Doc. 7. The petition was denied on June 12, 2014. Lodged Doc. 8.

6. On October 8, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Lodged Doc. 9. Significant to the analysis which follows, petitioner completed and signed the petition on July 17, 2014, id., but erroneously mailed it to the address for the California Court of Appeal, which forwarded the petition the California Supreme Court. See discussion, infra. The California Supreme Court summarily denied the petition on December 10, 2014. Lodged Doc. 10.

---

contains no new arguments essential to the determination of respondent's motion. Therefore, petitioner's surreply is disregarded.
[2] Unless otherwise noted, petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

1        7. On January 5, 2015, petitioner filed his initial petition in this action. See ECF No. 1.

2   His first amended petition was filed on April 8, 2015, ECF No. 9, and his second amended

3   petition was filed on May 13, 2015, see ECF Nos. 13-15.

   III.   Legal Standards

Respondent moves to dismiss this action on the ground that is was commenced after expiration of AEDPA's one-year statute of limitations, which provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

This limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Moreover, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The high threshold of extraordinary

3

circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

### IV. Analysis

Following the California Supreme Court's denial of direct review on April 17, 2013, petitioner had ninety days, or until July 16, 2013, to file a petition for writ of certiorari in the United States Supreme Court. See Rule 13, Supreme Court Rules. Because petitioner did not pursue this option, AEDPA's limitations period commenced the next day, on July 17, 2013. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition"); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R. Civ. P. 6(a)). Therefore, absent statutory or equitable tolling, the federal limitations period expired one year later, on July 16, 2014.

The parties do not dispute that 265 days elapsed between the commencement of the limitations period on July 17, 2013, and the April 8, 2014 filing of petitioner's first state habeas petition. The statute was not tolled during this period because there was no case "pending" during that time. See 28 U.S.C. § 2244(d)(2); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Therefore, as of April 8, 2014, petitioner had 100 days remaining under AEDPA's limitations period to file his federal petition.

Respondent concedes that petitioner is entitled to statutory tolling for the period between the filing of his first state habeas petition on April 8, 2014, in the Sacramento County Superior Court, through the date that his second state habeas petition was denied by the California Court of Appeal, on June 12, 2014, a period of 66 days. See Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (applications for state post-conviction relief are deemed "pending" for purposes of 28 U.S.C. § 2244(d)(2), while awaiting decision in a given court and during a reasonable interval between the denial of a petition by one court and the filing of a new petition at the next level court) (citations omitted). Respondent explains, ECF No. 18 at 4:

4

> Respondent does not argue that Petitioner's first and second state petitions were improperly filed. Moreover, because Petitioner proceeded with his second state petition in both an orderly and timely fashion once his first state petition was denied, interval tolling between the two actions is also appropriate.

Thus, the parties agree that, as of June 12, 2014, petitioner still had 100 days to file his federal petition.

Respondent contends that petitioner is not entitled to interval tolling between the denial of his Court of Appeal petition on June 12, 2014, and the filing of his California Supreme Court petition on October 8, 2014, because the latter was not "properly filed" in that court within the meaning of Section 2244(d)(2). The parties agree that petitioner intended to send the petition to the California Supreme Court but erred in mailing it to the California Court of Appeal, Third Appellate District.[3] On an undisclosed date, the Court of Appeal forwarded the petition to the Supreme Court, which file-stamped it on October 8, 2014. See Lodged Doc. 9. The California Supreme Court denied the petition on December 10, 2014.[4] Lodged Doc. 10.

Petitioner contends that he should be entitled to interval tolling for this period because his mistake in misaddressing the petition was not unreasonable, and because the Court of Appeal failed to promptly forward the petition to the Supreme Court. Petitioner also avers that he "was not aware of said mistake until he received the respondent's motion to dismiss" in the present action. See ECF No. 20 at 1:23-26 (with minor edits).

A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually

---

[3] Petitioner's proof of service for his Supreme Court petition, dated July 17, 2014, identified the appropriate court but improperly provided the address for the California Court of Appeal, Third Appellate District. See Lodged Doc. 9, Proof of Service. This error is underscored by petitioner's outgoing mail log which indicates, on July 21, 2014, that petitioner sent materials to "Sac Sup Crt," at 914 Capitol Mall, Sacramento, which is the address of the Court of Appeal, Third Appellate District; petitioner also served a copy of the petition on the Office of the California Attorney General. See Lodged Doc. 11.

[4] Petitioner's mail log indicates that he received mailings from the California Supreme Court on, inter alia, October 13, 2014 and December 16, 2014, which may have informed petitioner of both the filing of his petition and its denial. See Lodged Doc. 11.

1 prescribe, for example, the form of the document, the time limits upon its delivery, the court and
2 office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8 (original
3 emphasis) (citations omitted).

4 Applying Artuz, district courts within this circuit have found that petitions delivered to the
5 wrong court are not "properly filed" within the meaning of Section 2244(d)(2). See, e.g., Herrera
6 v. Grounds, 2014 U.S. Dist. LEXIS 65828, *5-6, 2014 WL 1911938 (N.D. Cal. May 12, 2014)
7 (state habeas petition erroneously filed in the California Court of Appeal, First Appellate District,
8 rather than the Sixth Appellate District, was not properly filed and therefore did not qualify for
9 statutory tolling); Mallet v. Uribe, 2013 U.S. Dist. LEXIS 78501, *9, 2013 WL 2421685 (E.D.
10 Cal. May 31, 2013) ("Even though Petitioner [erroneously] filed a petition for writ of habeas in
11 the California Court of Appeal, Sixth Appellate District, prior to [properly] filing the petition in
12 the Fifth District, it does not qualify for tolling because it was not properly filed."); see also
13 Hood v. Galaza, 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999) (decided before Artuz) (state habeas
14 petition incorrectly sent to the Kings County Superior Court rather than the San Diego County
15 Superior Court was not properly filed and therefore did not entitle petitioner to statutory tolling).

16 In each of these cases – Herrera, Mallet and Hood – the misdirected petition was returned
17 to the petitioner who thereafter sent the petition to the proper court and address.[5] Courts have
18 applied the same reasoning to find that petitions *transferred* by the inappropriate court to the
19 appropriate court, as in the instant case, were not properly filed. In Johnson v. Swarthout, the
20 petition was filed in error in the Kings County Superior Court on March 2, 2011, which
21 transferred the petition to the Marin County Superior Court on May 27, 2011, which designated it
22 filed on June 7, 2011. Johnson v. Swarthout, 2012 U.S. Dist. LEXIS 91533, *8, 2012 WL
23 2571209 (E.D. Cal. July 2, 2012), findings and recommendations adopted, 2012 U.S. Dist.
24 LEXIS 130340, 2012 WL 4039687 (E.D. Cal. Sept. 11, 2012). Despite the significant delay by
25 the Kings County court in transferring the petition to the appropriate state court, the district court
26 found that, "because that petition was improperly filed in the wrong court, petitioner is not

---

[5] In Herrera, Mallet and Hood, the courts rejected the misdirected petitions before returning them to petitioner. See Herrera, 2014 U.S. Dist. LEXIS 65828 at *5-6; Mallet, 2013 U.S. Dist. LEXIS 78501 at *9; and Hood, 47 F. Supp. 2d at 1147.

1  entitled to statutory tolling." Johnson, 2012 U.S. Dist. LEXIS 91533, at *8 (citing Artuz, 531
2  U.S. at 8; Hood, 47 F. Supp. 2d at 1147).[6]

3  These authorities support respondent's argument that petitioner's Supreme Court petition
4  was not properly filed despite being file-stamped by that court on October 8, 2014. In addressing
5  and sending the petition to the wrong court, petitioner failed to ensure that "its delivery and
6  acceptance are in compliance with the applicable laws and rules governing filings," or that the
7  petition was sent to "the court and office in which it must be lodged." Artuz, 531 U.S. at 8.

8  Respondent further contends that interval tolling between the Court of Appeal's denial
9  and the Supreme Court's file-stamp is unwarranted because the Supreme Court petition was
10 untimely filed. See Artuz, 531 U.S. at 8 (the "proper filing" of a petition includes compliance
11 with "the time limits upon its delivery"). "The time between the denial of a petition in a lower
12 California court and the filing of a subsequent petition in the next higher state court does not toll
13 the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) if the latter petition is not timely
14 filed. Carey v. Saffold, 536 U.S. [at] 225 []. In the absence of a clear indication by the state
15 supreme court that a petition is untimely, the federal court 'must itself examine the delay in each
16 case and determine what the state courts would have held in respect to timeliness.' Evans v.
17 Chavis, 546 U.S. 189, 198 (2006)." Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014).

18 In the present case, this court is unable to determine from the California Supreme Court's
19 summary denial of the petition whether that court considered the petition timely and/or whether it
20 denied the petition on the merits. In addition, "[g]iven the variety of reasons why the California
21 Supreme Court may" address a petition on the merits demonstrates that such action does not in
22 itself "indicate that the petition was timely." Carey, 536 U.S. at 226. "We cannot infer from a
23 decision on the merits, or a decision without explanation, that the California court concluded that
24 the petition was timely. . . .We must instead engage in an inquiry as to whether California courts

---

[6] Cf. Hood, 47 F. Supp. 2d at 1147 (erroneous filing of federal petition in the Eastern District of California did not preserve the petition's March 31, 1998 filing date, despite that court's transfer of the petition to the Southern District of California; the case was closed in the Eastern District and a new case opened in the Southern District on May 4, 1998, the effective filing date of the petition).

would have deemed the petition filed within a reasonable time." Banjo v. Ayers, 614 F.3d at 969-70 (citing Chavis at 194, 198); accord, Johnson v. McCaughtry, 265 F.3d 559, 564 (7th Cir. 2001) (declining tolling for improperly-filed state habeas petitions that were later properly filed and decided on the merits because otherwise "a petitioner could file a petition years after the limitations period expired, so long as the state court eventually entertained it on its merits [and] [t]his would allow a petitioner to successfully circumvent the statute of limitations period").

The Ninth Circuit has described California's flexible rules concerning the timeliness of state habeas petitions as follows, King v. LaMarque, 464 F.3d 963, 966 (9th Cir. 2006) (citations omitted):

> California's timeliness rule bars habeas petitions that are filed after "substantial delay." A habeas petitioner in California must justify any "significant" or "substantial" delay in seeking habeas corpus relief. There are no standards for determining what period of time or factors constitute "substantial delay" in noncapital cases. There are also no standards for determining what factors justify any particular length of delay. The rule's ambiguity is not clarified by the California Supreme Court's application of the timeliness bar, in part because the court usually rejects cases without explanation[.]

More recently, the Ninth Circuit has relied on the United States Supreme Court's instruction to federal courts "to apply a thirty-to-sixty-day benchmark for California's "reasonable time" requirement." Stewart, 757 F.3d at 935 (citing Chavis, 546 U.S. at 199); accord, Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (collecting cases). Thus, last year, in Stewart, the Ninth Circuit held that the "district court properly followed the United States Supreme Court's instruction to use a 30-to-60-day 'benchmark' for timeliness under California law. . . . [and] correctly concluded that Stewart had failed to demonstrate good cause for the 100-day delay." Stewart, 757 F.3d at 936.[7]

---

[7] However, recently the Ninth Circuit Court of Appeals certified the following question to the California Supreme Court, see Robinson v. Lewis, 795 F.3d 926, 2015 U.S. App. LEXIS 13069, *2-3 (9th Cir. July 28, 2015):

> When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the

1    In the instant case, the subject interval between the Court of Appeal's June 12, 2014

2 denial and the October 8, 2014 Supreme Court filing was 118 days. Applying Stewart and

3 Chavis, this court is compelled to conclude that the interval was unreasonable in the absence of

4 petitioner demonstrating good cause for the delay. Accord, Harris v. Harrington, 2012 U.S. Dist.

5 LEXIS 76550, *30, 2012 WL 1966129 (C.D. Cal. Mar. 26, 2012) (finding 117-delay not entitled

6 to statutory tolling) (collecting cases).

7    Petitioner "agrees that a mistake was made when he addressed his third petition[.]" ECF

8 No. 20 at 1. He states that he sent the petition "by mistake to the Third District Court of Appeal,

9 900 N Street, Room 400, Sacramento CA 95814-4869 instead of the intended address of [the]

10 California Supreme Court, 914 Capitol Mall, Sacramento CA 95814-4814[,] addresses which are

11 only a few blocks from each other[.]" Id. at 2 (with minor edits). Petitioner is incorrect in several

12 respects. The address of the California Supreme Court is 350 McAllister Street, San Francisco,

13 CA 94102. The "intended address" of 914 Capitol Mall was the address actually provided by

14 petitioner and is the address of the Court of Appeal. The alleged "mistaken address" of 900 N

15 Street, Suite 400 is the California State Library Building, Human Resource Services.[8]

16    Petitioner's briefing demonstrates his continuing lack of due diligence in ascertaining the

17 correct address for his Supreme Court petition. "California law does not condone willful

18 ignorance: 'A petitioner will be expected to demonstrate due diligence in pursuing potential

19 claims.'" In re Douglas (2011) 200 Cal. App. 4th 236, 244 (quoting In re Clark (1993) 5 Cal. 4th

20 750, 775)."

21    Petitioner next asserts that Court of Appeal personnel were negligent in failing to

22 promptly forward his Supreme Court petition to that court, ECF No. 20 at 2-3 (sic):

23    [A]ny reasonable minded person who recieves mail especially
      important mail marked "legal confidential" that is not intended for
24

25    time the petition is filed in the California Court of Appeal?

26 As of the writing of these findings and recommendations, the California Supreme Court has not
   provided a response.
27 [8] See https://www.library.ca.gov/about/cslgen3.html (California State Library Locations and
   Service Hours). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of
28 accurate determination by sources whose accuracy cannot reasonably be questioned).

> him or her or his or her place of business would promptly write or stamp on the original envelope return to sender and put it directly in the outgoing mail or if possible forward said mail straight away especially if as in this case said mail had a proof of service with the correct intended address instead of as happened in this case holding on to said mail for almost 3 months. . . . [P]etitioner respectfully requests that the appellate courts failure to take a reasonable action and return to sender and failure to forward mail that was obviously intended to go elsewhere sooner than 3 months rendering the petition in question untimely be taken into consideration[.]

Petitioner's argument is untenable. Courts are unable to assume responsibility for, or remedy, the mailing and service mistakes made by individual litigants. Petitioner's own lack of diligence cannot reasonably be attributed to anyone but himself.

For these reasons, the court finds that statutory tolling is not available to petitioner for the 118-day period between the denial of his Court of Appeal petition on June 12, 2014, and the filing of his California Supreme Court petition on October 8, 2014.

B. Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, __ F.3d. __, 2015 WL 5806186, at *5 (9th Cir. Oct. 6, 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and internal quotation marks and punctuation omitted). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055

(9th Cir. 2008).

As this court has found, petitioner failed to exercise due diligence in determining the correct mailing address for the California Supreme Court.  Other than laying blame on the Court of Appeal, petitioner identifies no extraordinary circumstance or external force preventing him from ascertaining the correct address.  As respondent argues, petitioner does not assert that his mistake was "caused by an external force" or that he was "'falsely misled . . . or that he even attempted to confirm the correct address prior to mailing the Petition for Review.'"  ECF No. 23 at 4 (quoting Lopez v. Spearman, 2014 U.S. Dist. LEXIS 182167, *6, 2015 WL 690350 (C.D. Cal. Feb. 13, 2015) (denying equitable tolling); accord, Vasquez, 2015 U.S. Dist. LEXIS 94927at *6 ("the Court finds that petitioner is not entitled to equitable tolling based on the mailing of the Petition for Review to the wrong address"); accord, Bhatt v. Superior Court of California, 2013 U.S. Dist. LEXIS 46865, *13, 2013 WL 1294468 (C.D. Cal. Mar. 26, 2013) (finding neither statutory nor equitable tolling for interval between Court of Appeal's habeas decision and petitioner's filing 279 days later of his habeas petition in the California Supreme Court, because "the sole cause of the delay at issue was [petitioner's] own failure to locate [the appropriate] address until long after he mailed the petition" to the wrong address.)

For these reasons, the court finds that petitioner is not entitled to equitable tolling.

C.  Recommended Ruling

The court finds that petitioner is not entitled to statutory or equitable tolling for the interval between the Court of Appeal's denial of his petition on June 12, 2014, and the October 8, 2014 acceptance of his petition by the Supreme Court.  Moreover, because his Supreme Court petition was not properly filed, petitioner is not entitled to tolling during the pendency of his petition in that court.  See 28 U.S.C. § 2244(d)(2).  As of June 12, 2014, petitioner had 100 days remaining under ADEPA's one-year limitations period to file his federal petition, or until Monday, September 22, 2014.[9]  However, petitioner filed the instant petition on January 5, 2015,

---

[9] The 100-day period ended on Saturday, September 20, 2014.  Under Rule 6, Federal Rules of Civil Procedure, a deadline that ends on a weekend is extended through the end of the following weekday that is not a holiday.  See Fed. R. Civ. P. 6(1)(1)(C).

1 | 105 days after expiration of the limitations period. Because the petition was untimely filed,
2 | respondent's motion to dismiss should be granted and this action dismissed with prejudice. This
3 | is a harsh result, but one that is required by the statute of limitations.

4 | V. Conclusion

5 | For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

6 | 1. Respondent's motion to dismiss, ECF No. 18, be granted; and

7 | 2. This action be dismissed with prejudice.

8 | These findings and recommendations are submitted to the United States District Judge
9 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
10 | after service of these findings and recommendations, any party may file written objections with
11 | the court and serve a copy on all parties. Such a document should be captioned "Objections to
12 | Magistrate Judge's Findings and Recommendations." Any response to the objections shall be
13 | filed and served within seven days after service of the objections. The parties are advised that
14 | failure to file objections within the specified time may waive the right to appeal the District
15 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 | If petitioner files objections, he may also address whether a certificate of appealability
17 | should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules
18 | Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it
19 | enters a final order adverse to the applicant. A certificate of appealability may issue only "if the
20 | applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §
21 | 2253(c)(2).

22 | DATED: October 21, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE